**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| PATRICK WILSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:15-CV-45-CDP |
| | ) | |
| GEORGE A. LOMBARDI, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of Patrick Wilson (registration no. 1252022) for leave to commence this action without payment of the required filing fee [Doc. #2]. The Court will grant the motion and assess an initial partial filing fee of $51.62. In addition, the Court will instruct the Clerk to issue process on the complaint as to all defendants.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six-month period.

See 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. See 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. See 28 U.S.C. § 1915(a)(1),(2). A review of plaintiff's account statement indicates an average monthly deposit of $258.10, and an average monthly account balance of $202.88. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $51.62 which is 20 percent of plaintiff's average monthly deposit.

## 42 U.S.C. § 1997e(g)(2)

Pursuant to 42 U.S.C. § 1997e(g)(2), the Court may require any defendant to reply to a complaint brought by a prisoner pursuant to 42 U.S.C. § 1983 or any other federal law if it finds that the plaintiff has a reasonable opportunity to prevail on the merits. Moreover, 28 U.S.C. § 1915A requires the Court to identify any cognizable claims that would survive dismissal.

**The Complaint**

Plaintiff, an inmate at the Moberly Correctional Center, seeks monetary relief in this 42 U.S.C. § 1983 action against defendants George A. Lombardi (Director, Missouri Department of Corrections), Corizon LLC, Geeneen A. Wilhite (Corizon Director of Nursing), Bonnie Boley (Corizon Health Services Administrator), Paul Jones (Corizon Physician), J. Cofield (Corizon Regional Director, Constituent Services), and G. Babich (Corizon Regional Medical Director). Plaintiff is suing defendants in both their individual and official capacities.

Plaintiff alleges that he suffers from bilateral neuropathy in his lower extremities, his right ankle has orthopedic implants, and he is in severe pain as a result of both conditions. He claims that the medications he has been prescribed "are reasonably safe to take for only short periods of time" and will cause damage to his kidneys and liver if "taken more than seven (7) to ten (10) days repeatedly." In addition, plaintiff alleges that the medication he has been prescribed is not effective for chronic pain, which is what he claims to have. Plaintiff further alleges that a Dr. Johnson informed him on June 5, 2015, that "he would have to have the hardware removed from his right foot and Dc walking boots." Plaintiff claims that the "medical personnel have stop[ped] treating [his] pain altogether with any medication that would serve to relieve his suffering from chronic pain." He states

3

that they only prescribe "regular Tylenol which is cosmetic." Plaintiff alleges that defendants have "repeatedly refused to treat [him] by removing the hardware, or giving him medications that would properly help to alleviate his chronic pain." He further alleges that defendants' deliberate indifference in failing to provide him adequate and necessary treatment constitutes a violation of his Eighth Amendment rights. In addition, plaintiff asserts pendent state claims for negligence. Liberally construing the complaint, the Court finds that plaintiff's allegations are sufficient to proceed at this time, and therefore, the Court will order defendants to reply to the complaint.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to be issued on the complaint as to all named defendants in both their individual and official capacities.

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial partial filing fee of $51.62 within thirty (30) days from the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case

number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that if plaintiff fails to pay the initial partial filing fee within thirty (30) days, without good cause shown, the Court will dismiss this action without prejudice and without further notice.

**IT IS FURTHER ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), defendants shall reply to the complaint within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, pursuant to the Court's differentiated case management system, this case is assigned to Track 5B (standard prisoner actions).

Dated this 20th day of August, 2015.

_____
**UNITED STATES DISTRICT JUDGE**