UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| PATRICK WILSON, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | Case No. 2:15CV45 CDP |
|  | ) |  |
| PAUL JONES, M.D., et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## MEMORANDUM AND ORDER

Missouri state prisoner Patrick Wilson brings this action under 42 U.S.C. § 1983 alleging that medical and correctional personnel at Moberly Correctional Center (MCC) were deliberately indifferent to his serious medical needs by ignoring his requests for medical care and denying recommended treatment for complications related to a broken ankle. Defendants are Paul Jones, M.D.; Nurses Geeneen A. Wilhite and Lori Langwell; and Correctional Officers (COs) Daryl Taylor and Lyle Taylor. The CO defendants, Daryl and Lyle Taylor, move to dismiss Wilson's claims against them under Fed. R. Civ. P. 12(b)(6). Because Wilson has sufficiently alleged facts showing that he may be entitled to relief against these defendants, I will deny their motion to dismiss.[1]

---

[1] After the Taylor defendants filed their motion to dismiss, Wilson filed a First Amended Complaint by Interlineation solely to correct the names of some of the defendants. ECF #47. Neither the scope nor substance of Wilson's case changed with the filing of this amended

## Legal Standard

When reviewing a Rule 12(b)(6) motion to dismiss for failure to state a claim, I assume the allegations in the complaint to be true and construe the complaint in plaintiff's favor. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007); *Huggins v. FedEx Ground Package Sys., Inc.*, 592 F.3d 853, 862 (8th Cir. 2010); *Anzaldua v. Northeast Ambulance & Fire Prot. Dist.*, 978 F. Supp. 2d 1016, 1021 (E.D. Mo. 2013).

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Twombly,* the Supreme Court clarified that Rule 8(a)(2) requires complaints to contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." 550 U.S. at 555; *accord Ashcroft v. Iqbal,* 556 U.S. 662, 678-79 (2009). Specifically, to survive a motion to dismiss, a complaint must contain enough factual allegations, accepted as true, to state a claim for relief "that is plausible on its face." *Twombly,* 550 U.S. at 570. The factual allegations must be sufficient to "'raise a right to relief above the speculative level.'" *Parkhurst v. Tabor*, 569 F.3d 861, 865 (8th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555). The issue in determining a Rule 12(b)(6)

---

complaint. I therefore consider the Taylors' motion to dismiss in relation to the amended complaint.

motion is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of the claim. *See Skinner v. Switzer*, 562 U.S. 521, 529-30 (2011) (quoting *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974)).

**Background**

In March 2013, while an inmate at MCC, Wilson underwent fixation surgery to repair a broken ankle. He underwent additional surgery in June 2013 to remove some of the fixation hardware and has experienced severe pain ever since.

In his amended complaint, Wilson claims that, beginning in June 2013 and continuing through April 2014, he complained to all of the defendants that he was experiencing severe, debilitating pain, but his complaints were ignored. Wilson was eventually prescribed pain medication and other treatment in April 2014, but he obtained no relief. Wilson thereafter began experiencing bilateral neuropathy, including pain, numbness, weakness, and burning sensations in both feet. He also experienced pain in his ankle from the remaining hardware, which felt to him as though the hardware was about to protrude through the skin. Wilson complained of these symptoms and pain to all defendants, but they continued to ignore his complaints.

In June 2014, a doctor ordered and/or recommended that the remaining hardware be removed from Wilson's ankle. Wilson contends that the named medical defendants have ignored this recommendation and, further, have denied

him his prescribed pain medications.

Wilson continues to experience extreme, debilitating, and chronic pain. He is confined to a wheelchair because of this pain.

## Discussion

Wilson alleges in his amended complaint that all defendants, including CO defendants Daryl and Lyle Taylor, deliberately ignored his complaints of severe, debilitating pain and requests for medical treatment. Both Daryl and Lyle Taylor seek to dismiss Wilson's claim as brought against them, arguing that it fails to allege that they had any direct, causal connection to Wilson's claimed deprivation of medical care and thus fails to state a claim against them for deliberate indifference to serious medical needs.

Deliberate indifference may be manifested "by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Estelle v. Gamble,* 429 U.S. 97, 104-05 (1976) (footnotes omitted); *see also Vaughan v. Lacey*, 49 F.3d 1344, 1346 (8th Cir. 1995). A prison official's failure to act despite his knowledge of a substantial risk of serious harm is sufficient to give rise to an Eighth Amendment claim of deliberate indifference. *Coleman v. Rahija*, 114 F.3d 778, 786 (8th Cir. 1997) (citing *Farmer v. Brennan*, 511 U.S. 825, 842 (1994)).

Here, Wilson claims that for several months following his second ankle

surgery, he continually complained to all defendants that he was experiencing severe pain. Wilson continued to complain to the defendants, including COs Daryl and Lyle Taylor, when he developed symptoms of neuropathy. Wilson alleges that despite his continued complaints of severe and progressing pain, the defendants ignored him. Wilson claims that he continues to experience severe pain and is now confined to a wheelchair because the CO defendants refused to act on his complaints and medical personnel refused to treat his serious medical condition. These allegations are sufficient to state a claim against the COs involved. *Brown v. Missouri Dep't of Corr.*, 353 F.3d 1038, 1041 (8th Cir. 2004).

Although the amended complaint often refers to the "defendants" collectively rather than specifically setting forth the names of each individual defendant repeatedly, this collective reference does not destroy the nature of Wilson's claim brought against the individuals. *See Anderson v. Waddle*, 474 F. Supp. 2d 1116, 1120 (E. D. Mo. 2007); *see also Downing v. Goldman Phipps PLLC*, No. 4:13CV206 CDP, 2015 WL 4078198, at *7 (E.D. Mo. July 6, 2015). The defendants can ascertain from the allegations in the amended complaint what is being claimed as a violation of Wilson's rights and by whom. This is enough to satisfy Rule 8(a)(2). *Anderson*, 474 F. Supp. 2d at 1120; *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).

Finally, to the extent Wilson brings his claim against Daryl and Lyle Taylor

in their official capacity, the claim is not barred by the Eleventh Amendment as urged by defendants. In addition to the monetary relief sought in the amended complaint, Wilson also seeks injunctive relief. The Eleventh Amendment does not bar claims for prospective injunctive relief, even against state agents acting in their official capacities. *Nix v. Norman*, 879 F. 2d 429, at 432-33 (8th Cir. 1989). *See also Monroe v. Arkansas State Univ.*, 495 F.3d 591, 594 (8th Cir. 2007) (state officials may be sued in their official capacities for prospective injunctive relief).

Because the facts alleged in Wilson's amended complaint sufficiently state an Eighth Amendment claim against defendants Daryl and Lyle Taylor that is plausible on its face, the motion to dismiss will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Daryl Taylor and Lyle Taylor's Motion to Dismiss [37] is denied. Defendants are reminded of their obligation to answer plaintiff's First Amended Complaint within the time set by the rules.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 25th day of April, 2016.